Jahan C. Sagafi (Cal. Bar No. 224887)
OUTTEN & GOLDEN LLP
One Embarcadero Center, 38th Floor
San Francisco, CA 94111
Telephone:  (415) 638-8800
Facsimile:  (415) 638-8810
jsagafi@outtengolden.com

Allen R. Vaught (*pro hac vice* application to be submitted)
Baron & Budd, P.C.
3102 Oak Lawn Ave, Suite 1100
Dallas, TX 75219
Telephone: (214) 521-3605
Facsimile: (214) 520-1181
avaught@baronbudd.com

*Counsel for Plaintiffs and Proposed Class members*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA BECKERLEY, DIANNE MADDOX, RAYMORN EDDEN, CASSANDRA ALLEN, DAWN FULMORE, QUOASHIA LEWIS-MURRAY, VANESSA GOMEZ, and ANCELLE PARKER, on behalf of themselves and all those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ALORICA, INC., <br><br> Defendant. | **COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT AND STATE LAW; CLAIMS FOR DAMAGES AND <u>INJUNCTIVE RELIEF</u>** <br><br> **COLLECTIVE ACTION AND CLASS ACTION** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs Barbara Beckerley, Dianne Maddox, Raymorn Edden, Cassandra Allen, Dawn Fulmore, Quoashia Lewis-Murray, Vanessa Gomez, and Ancelle Parker allege, on behalf of themselves and all those similarly situated, as follows:

## JURISDICTION AND VENUE

1.      This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2.      This Court also has original jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which: (1) there are 100 or more members in the proposed class; (2) at least some members of the proposed class have a different citizenship from Defendant; and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate.

3.      In addition, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state law claims because those claims derive from a common nucleus of operative fact.

4.      This Court is empowered to issue to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

5.      The United States District Court for Central District of California has personal jurisdiction over Alorica, Inc. ("Defendant" or "Alorica") because Alorica maintains offices in this District, does business in California and in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in California and in this District.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District.

## SUMMARY OF CLAIMS

7.      Plaintiffs are current and former Customer Service Representatives ("CSRs") for Alorica.  They bring this class, collective, and representative action against Alorica (1) for violations of the FLSA on behalf of a proposed opt-in collective encompassing the United States except the Terre Haute, Indiana call center, and (2) for violations of the laws of California, Florida, Georgia, Oklahoma, Pennsylvania, South Carolina, Texas, and Virginia on behalf of proposed statewide opt-out classes encompassing each of those states, respectively.

8.      This action alleges that Alorica maintains an unlawful policy and practice of not compensating its CSRs nationwide for work performed before the start of their scheduled shifts, after the end of their scheduled shifts, and during their shifts.  This action further alleges that Alorica underpays overtime pay by failing to include all required compensation in their hourly overtime rate.

9.      Alorica has violated Plaintiffs' rights by (1) failing to pay them for work performed while "off the clock" due to Alorica's unlawful policies and practices (the "Off-the-Clock Claims"), and (2) underpaying overtime by failing to take into account nondiscretionary bonuses, such as earned commissions, when calculating their hourly overtime rates (the "Overtime Miscalculation Claims"). The Off-the-Clock Claims can be subdivided into two types of claims:  "Pre-/Post-Shift Claims" and "Mid-Shift Claims."  Specifically, Alorica maintains a policy and practice of requiring, suffering, or permitting CSRs to work (a) before clocking in at the beginning of a shift and/or after clocking out at the end of a shift ("Pre-/Post-Shift Claims"), and (b) in the middle of the shift while not on a meal break while clocked out (e.g., while the timekeeping system is malfunctioning or while the CSR is on a break of 20 minutes or less) ("Mid-Shift Claims").

10.     Alorica has failed to provide the California Class Members with statutorily mandated meal breaks, and it has harmed Plaintiffs and Class Members by violating other rights as set forth herein.

11.     Through their classwide claims, Plaintiffs seek compensation for all uncompensated work; all penalties, liquidated damages, and other damages permitted by law; restitution and/or disgorgement of all benefits obtained by Alorica from its unlawful business practices; injunctive and declaratory relief; all other forms of equitable relief permitted by law; reasonable attorneys' fees and costs; and service payments for the Class Representatives.

## **RELATED CASES (*LILLEHAGEN* AND *HAWKINS*)**

12.     Alorica is defending similar litigation involving different claims, in *Lillehagen v. Alorica, Inc.*, No. 13-00092 DOC (JPRx) (C.D. Cal.) and *Hawkins v. Alorica, Inc.*, No. 11-00283-JMS-WGH (S.D. Ind.).  *Lillehagen* and *Hawkins*, like this action, are representative actions on behalf of CSRs challenging Alorica's violations of wage and hour law.  Specifically, both *Lillehagen* and *Hawkins* allege that Alorica failed to pay CSRs for work performed while off the clock during their shifts ("mid-shift off-the-clock work," or "Mid-Shift Claims").   The two cases differ as follows:  *Lillehagen* asserts FLSA claims on behalf of a conditionally certified nationwide collective (except for a carve-out of Alorica's Terre Haute call center), whereas *Hawkins* asserts Indiana state law claims on behalf of a proposed Rule 23 class encompassing only the Terre Haute call center.

13.     The claims asserted in this action are distinct from those in *Hawkins* and *Lillehagen*.

a.     The scope of *Hawkins* is limited to the Terre Haute, Indiana call center, whereas this action excludes that call center.  Thus, there is no overlap of legal claims with *Hawkins*.

b.    *Lillehagen* asserts only FLSA Mid-Shift Claims (claims under the FLSA challenging Alorica's failure to pay for off-the-clock work during CSRs' shifts). This action asserts no such claims, in that it seeks remedies for Mid-Shift Claims only under *state law* (not the FLSA), and it also asserts claims for *other* types of violations (i.e., Pre-/Post-Shift Claims and Overtime Miscalculation Claims) under the FLSA and state law.

14.    Thus, there is no overlap in legal claims between *Lillehagen*, *Hawkins*, and this action. (Lillehagen's counsel sought Alorica's agreement to amend *Lillehagen* to include Mid-Shift Claims under state law, but Alorica declined.) Below is a chart summarizing the difference in scope of the three cases:

| Legal Basis and Scope: | Off-the-Clock Claims | | Overtime Miscal-culation Claims |
|---|---|---|---|
| | **Mid-Shift Claims** | **Pre-/Post-Shift Claims** | |
| FLSA<br>- Terre Haute, IN<br>- rest of U.S. | ***Hawkins***<br>***Lillehagen*** | None<br>This lawsuit | None<br>This lawsuit |
| State Law<br>- Terre Haute, IN<br>- rest of U.S. | ***Hawkins***<br>This lawsuit | None<br>This lawsuit | None<br>This lawsuit |

## SUMMARY OF COLLECTIVE AND CLASS ACTION ALLEGATIONS

15.    The Nationwide FLSA Plaintiffs. Plaintiffs Barbara Beckerley, Dianne Maddox, Dawn Fulmore, Quoashia Lewis-Murray, Vanessa Gomez, and Ancelle Parker (the "FLSA Collective Representatives") bring this action on behalf of themselves and all persons who were, are, or will be employed by Alorica nationwide as CSRs at any time within the three years prior to the filing of the initial Complaint through the date of the final disposition of this action (the "Nationwide FLSA Period"). These claims only include (a) work performed before the CSR clocked in at the beginning of her shift and (b) work performed after the CSR clocked out at the end of her shift. These claims do not include work performed during the shift, as measured by the first clock-in to the last clock-out of the shift, because those claims are asserted in *Lillehagen* and *Hawkins*. This group is hereinafter referred to as the "Nationwide FLSA Plaintiffs."

16.    <u>The California Class</u>.  Plaintiff Barbara Beckerley (the "California Class Representative") also brings this action on behalf of all persons who were, are, or will be employed by Alorica in California as CSRs (the "California Class"), at any time within the four years prior to the date of the filing of the initial Complaint through the date of the final disposition of this action (the "California Class Period").

17.    <u>The Florida Class</u>.  Plaintiff Dianne Maddox (the "Florida Class Representative") also brings this action on behalf of all persons who were, are, or will be employed by Alorica in Florida as CSRs (the "Florida Class"), at any time within the five years prior to the date of the filing of the initial Complaint through the date of the final disposition of this action (the "Florida Class Period").

18.    <u>The Georgia Class</u>.  Plaintiff Raymorn Edden (the "Georgia Class Representative") also brings this action on behalf of all persons who were, are, or will be employed by Alorica in Georgia as CSRs (the "Georgia Class"), at any time within the six years prior to the date of the filing of the initial Complaint through the date of the final disposition of this action (the "Georgia Class Period").

19.    <u>The Oklahoma Class</u>.  Plaintiff Cassandra Allen (the "Oklahoma Class Representative") also brings this action on behalf of all persons who were, are, or will be employed by Alorica in Oklahoma as CSRs (the "Oklahoma Class"), at any time within the five years prior to the date of the filing of the initial Complaint through the date of the final disposition of this action (the "Oklahoma Class Period").

20.    <u>The Pennsylvania Class</u>.  Plaintiff Dawn Fulmore (the "Pennsylvania Class Representative") also brings this action on behalf of all persons who were, are, or will be employed by Alorica in Pennsylvania as CSRs (the "Pennsylvania Class"), at any time within the three years prior to the date of the filing of the initial Complaint through the date of the final disposition of this action (the "Pennsylvania Class Period").

21.     The South Carolina Class.  Plaintiff Quoashia Lewis-Murray
(the "South Carolina Class Representative") also brings this action on behalf of all
persons who were, are, or will be employed by Alorica in South Carolina as CSRs
(the "South Carolina Class"), at any time within the three years prior to the date of
the filing of the initial Complaint through the date of the final disposition of this
action (the "South Carolina Class Period").

22.     The Texas Class.  Plaintiff Vanessa Gomez (the "Texas Class
Representative") also brings this action on behalf of all persons who were, are, or
will be employed by Alorica in Texas as CSRs (the "Texas Class"), at any time
within the four years prior to the date of the filing of the initial Complaint through
the date of the final disposition of this action (the "Texas Class Period").

23.     The Virginia Class.  Plaintiff Ancelle Parker (the "Virginia
Class Representative") also brings this action on behalf of all persons who were,
are, or will be employed by Alorica in Virginia as CSRs (the "Virginia Class"), at
any time within the five years prior to the date of the filing of the initial Complaint
through the date of the final disposition of this action (the "Virginia Class Period").

24.     The Claims.  Alorica has unlawfully failed to pay Plaintiffs,
Nationwide FLSA Plaintiffs, and the Class Members of each State Law Class in
accordance with applicable law by (1) failing to pay them for work performed while
"off the clock" due to Alorica's unlawful policies and practices (the "Off-the-Clock
Claims"), and (2) underpaying overtime by failing to take into account
nondiscretionary bonuses, such as earned commissions, when calculating their
hourly overtime rates (the "Overtime Miscalculation Claims").  The Off-the-Clock
Claims challenge Alorica's policy and practice of requiring, suffering, or permitting
CSRs to work (a) before clocking in at the beginning of a shift and/or after clocking
out at the end of a shift, and (b) in the middle of the shift while not on a meal break
while clocked out (e.g., while the timekeeping system is malfunctioning or while
the CSR is on a break of 20 minutes or less).  In addition, Alorica has failed to

provide the California Class Members with statutorily mandated meal breaks, and it has harmed Plaintiffs and Class Members by violating other rights as set forth herein.

25.     Alorica has willfully refused to pay Plaintiffs, Nationwide FLSA Plaintiffs, and the State Law Class Members the required compensation, and has failed to keep time records as required by law.

26.     Alorica's practices violate the FLSA and state laws pled herein. Plaintiffs seek declaratory relief, compensation for all work required, suffered, or permitted by Alorica, liquidated and/or other damages and penalties as permitted by applicable law, interest, attorneys' fees and costs, and Class representative service payments.

## **THE PARTIES**

27.     Plaintiff Barbara Beckerley is a resident of Fresno, California. Ms. Beckerley was employed by Alorica as a CSR in Fresno, California from approximately December 2012 to July 2013.   During this time, Alorica set her pay rate at approximately $8.00 to $8.50 per hour.  Within the applicable limitations period, she worked off-the-clock without being compensated by Alorica.  Plaintiff Beckerley hereby consents to sue for violations of the FLSA, pursuant to 29 U.S.C. § 216(b).

28.     Plaintiff Dianne Maddox is a resident of Miami, Florida.  Ms. Maddox has been employed by Alorica as a CSR in Cutler Bay, Florida from 2009 to the present.  During this time, Alorica set her pay rate at approximately $9.00 to $9.65 per hour.  Within the applicable limitations period, she worked off-the-clock without being compensated by Alorica.  She also worked overtime hours for which Alorica miscalculated her hourly overtime rate by failing to include all nondiscretionary compensation as required by law.  Plaintiff Maddox hereby consents to sue for violations of the FLSA, pursuant to 29 U.S.C. § 216(b).

29.    Plaintiff Raymorn Edden is a resident of Americus, Georgia. Mr. Edden was employed by Alorica as a CSR in Kennesaw, Georgia from approximately December 2008 to March 2011.  During this time, Alorica set his pay rate at approximately $10.00 to $11.00 per hour.  Within the applicable limitations period, he worked off-the-clock without being compensated by Alorica. He also worked overtime hours for which Alorica miscalculated his hourly overtime rate by failing to include all nondiscretionary compensation as required by law.

30.    Plaintiff Cassandra Allen is a resident of Tulsa, Oklahoma.  Ms. Allen was employed by Alorica as a CSR in East Tulsa, Oklahoma from approximately November or December 2009 to June or July of 2010.   During this time, Alorica set her pay rate at approximately $9.00 to $9.50 per hour.  Within the applicable limitations period, she worked off-the-clock without being compensated by Alorica.

31.    Plaintiff Dawn Fulmore is a resident of Pittsburgh, Pennsylvania.  Ms. Fulmore was employed by Alorica as a CSR in West Mifflin, Pennsylvania from approximately February 2011 to December 2011.  During this time, Alorica set her pay rate at approximately $10.50 per hour.  Within the applicable limitations period, she worked off-the-clock without being compensated by Alorica.  Plaintiff Fulmore hereby consents to sue for violations of the FLSA, pursuant to 29 U.S.C. § 216(b).

32.    Plaintiff Quoashia Lewis-Murray is a resident of Greenwood, South Carolina.  Ms. Lewis-Murray was employed by Alorica as a CSR in Greenwood, South Carolina from approximately November 2010 to August 2012. During this time, Alorica set her pay rate at approximately $9.00 to $9.50 per hour. Within the applicable limitations period, she worked off-the-clock without being compensated by Alorica.  Plaintiff Lewis-Murray hereby consents to sue for violations of the FLSA, pursuant to 29 U.S.C. § 216(b).

33.     Plaintiff Vanessa Gomez is a resident of El Paso, Texas.  Ms. Gomez was employed by Alorica as a CSR in El Paso, Texas from approximately December 2012 to July 2013.   During this time, Alorica set her pay rate at approximately $7.50 per hour.  Within the applicable limitations period, she worked off-the-clock without being compensated by Alorica.  She also worked overtime hours for which Alorica miscalculated her hourly overtime rate by failing to include all nondiscretionary compensation as required by law.  Plaintiff Gomez hereby consents to sue for violations of the FLSA, pursuant to 29 U.S.C. § 216(b).

34.     Plaintiff Ancelle Parker is a resident of Norfolk, Virginia.  Ms. Parker was employed by Alorica as a CSR in Norfolk, Virginia from approximately January 2011 to March 2012, came back in August 2012 and is now currently employed by Alorica.   During this time, Alorica set her pay rate at approximately $10.00 per hour.  Within the applicable limitations period, she worked off-the-clock without being compensated by Alorica.  Plaintiff Parker hereby consents to sue for violations of the FLSA, pursuant to 29 U.S.C. § 216(b).

35.     Defendant Alorica is a corporation with its corporate headquarters in Irvine, California.  The practices described herein were designed at and emanated from the Irvine, California headquarters and were implemented in the call centers in which Plaintiffs worked for Alorica.

## **FACTUAL BACKGROUND**

### I.     **Alorica's Business Model Focuses On Tightly Controlling Costs.**

36.     Alorica is a major international call center company.  Alorica provides "business process outsourcing (BPO) solutions" to various corporate clients in "both the business-to-consumer (B2C) and business-to-business (B2B) sectors and all corners of industry," according to its website.[1]  One of the main business BPO solutions offered by Alorica is "Customer Experience Management

---

[1] All unattributed quotations herein are to Alorica's website.

Solutions," through which Alorica promises to "help you [its clients] boost customer acquisition and retention, grow brand favorability, and create customers for life."

37.     CSRs serve Alorica's clients by making and receiving telephone calls on behalf of those clients ("outbound" and "inbound" calls, respectively). Alorica CSRs provide customer support (e.g., handling complaints, fielding billing questions, providing product support, making welcome calls to clients' customers, etc.) and revenue generation (e.g., lead generation, "up-selling," "cross-selling," "win-back initiatives," etc.). Alorica employs many thousands of CSRs nationwide to provide these services to its clients.

38.     Alorica caters to clients in the automotive, consumer products, energy and utilities, financial services, health care, media and entertainment, retail, technology, telecommunications, and travel sectors. Its website boasts of many instances of delivering value to its clients. For example, Alorica decreased an airline client's call center costs by "over 40% . . . while exceeding customer satisfaction scores," and it helped a health care client enroll tens of thousands of new benefit members.

39.     In providing these services, Alorica boasts of the low cost to the client, noting that its "cost-effective outsourcing options . . . help you [the client] manage your customer relationships more profitably and efficiently," "reduc[ing] costs," "cut[ting] costs," "help[ing] you lower costs," and "help[ing] you minimize overhead costs." Alorica's model is aimed at "keeping [the client's] operating costs under control," because "the cost and resources required of a comprehensive marketing effort can easily burden [the client's] budget and compromise [the client's] profitability."

40.     In short, a core component of Alorica's business model is to provide services as cheaply as possible to its clients, to facilitate those clients'

efforts to cut costs and maximize profit. This model creates pressure within Alorica to trim costs as closely as possible.

## II.   **Alorica Has Violated CSRs' Rights To Full And Fair Pay.**

41.   Unfortunately, this pressure has led to widespread wage and hour violations, making this lawsuit necessary to compensate Plaintiffs and the Class Members for the work they have performed to help make Alorica a successful, profitable venture for its owners and other stakeholders.

42.   These wage and hour violations take three major forms: (1) requiring, suffering, or permitting CSRs to perform off-the-clock work (comprising the Pre-/Post-Shift Claims and Mid-Shift Claims referred to above), (2) failing to calculate overtime premiums properly (by neglecting to include non-discretionary bonuses such as commissions in the hourly overtime rate), and (3) violating other statutory rights such as the rights in California to take an uninterrupted meal break or receive compliant wage statements and full payment of wages due.

43.   Off-the-clock work (Pre-Shift Claims): Alorica maintains a policy and practice of requiring, suffering, or permitting CSRs, including Plaintiffs and all Class Members, to report to work and perform pre-shift work before logging onto the timekeeping system.

a.   Alorica managers and supervisors enforce the policy by instructing CSRs to arrive at work in advance of their scheduled shifts, so that they can find their workstations, start them up, configure them, receive any necessary instructions, and be ready to make or accept phone calls the moment their scheduled shift starts. CSRs are allowed to log into the timekeeping system (and begin getting paid) only after they are ready to make or accept phone calls.

b.   Alorica managers and supervisors further enforce the policy by reprimanding and/or disciplining CSRs for failing to arrive sufficiently early to be able to make or accept phone calls the moment their scheduled shift

starts.  Alorica suffers and/or permits its CSRs to work during these pre-shift periods, which are an integral part of the CSRs' job, because the startup work is logistically necessary to performing their duties.

c.    This pre-shift work is performed off the clock and is consequently not compensated.  The time spent by Plaintiffs and Class Members performing this work is not listed on their pay statements.

d.    This pre-shift work is measurable by reference to computerized data maintained by (and in the exclusive control of) Alorica, such as building badge swipe data and computer login data.

44.    Off-the-clock work (Post-Shift Claims):  Alorica also maintains a policy and practice of failing to compensate CSRs when they perform post-shift work after logging out of the timekeeping system.

a.    While CSRs' primary role is to speak with clients' customers and others by phone in repetitive calls.  However, CSRs also perform clerical work such as record-keeping and reporting, which is impractical to perform while on the phone.  Because Alorica requires CSRs to be available for phone calls during their entire shifts, CSRs are required to wait until the end of their shifts – after clocking out of the timekeeping system – to perform this clerical work.

b.    This post-shift work is performed off the clock and is consequently not compensated.  The time spent by Plaintiffs and Class Members performing this work is not listed on their pay statements.

c.    This post-shift work is measurable by reference to computerized data maintained by (and in the exclusive control of) Alorica, such as building badge swipe data and computer login data.

45.    Off-the-clock work (Mid-Shift Claims):  Alorica also maintains a policy and practice of failing to compensate CSRs for all breaks of 20 or fewer minutes during a shift.  Specifically, Alorica sometimes requires or allows CSRs to log out of the timekeeping system during such breaks, even though Alorica is

required to pay them for such time at the hourly rate it contracted to pay them. These breaks are occasioned by Alorica CSRs needing to go to the bathroom, by Alorica's computer systems resetting (causing CSRs to be automatically logged out of the timekeeping system), and by other events.

46.   <u>Overtime Miscalculation Claims</u>:   In addition, when paying overtime, Alorica has miscalculated CSRs' overtime premiums, by failing to include all compensable remuneration in their regular rate calculation.

47.   <u>Violation of other statutory rights</u>:   As a consequence of its policies and practices, Alorica also violates other rights under state laws designed to protect CSRs.   These violations are set forth in the causes of action below.

## III.   <u>Alorica's Policies and Practices Systematically Underpay CSRs.</u>

48.   Alorica implements various policies and practices to effectuate the violation of CSRs' rights, allowing Alorica to cut costs and save money for itself and its clients at the expense of its workforce.

49.   <u>Timekeeping system</u>.   One central problem is that Alorica's timekeeping system is connected to the system by which CSRs make and accept phone calls.   However, as set forth above, CSRs must and do regularly perform work besides speaking on the phone, and that work is integral to the work they perform on the phone (such as configuring their workstations, preparing for phone calls, and reporting information about their phone calls).   The way Alorica measures time worked (through this phone-centered timekeeping system) systematically undercounts actual hours worked.

50.   <u>"Schedule Adherence"</u>:   CSRs are subject to a rigorous policy of "schedule adherence" that encourages off-the-clock work.   "Schedule adherence" means that CSRs must be ready to begin taking or making phone calls the moment their scheduled shift begins, must not clock in before their scheduled shift begins (even if they are performing work before the beginning of the scheduled shift),

must clock out for certain breaks, must continue working while clocked out if a phone call is in progress, and must clock out at the end of their scheduled shift (even if they continue to perform work after the end of the scheduled shift).

51.   <u>Consequences for schedule adherence violations</u>.  CSRs violates the rigorous "schedule adherence" policy, they are given warnings, formally written up, and/or terminated.

52.   <u>Pre-shift work</u>.  Managers, supervisors, and other Alorica employees regularly instruct, encourage, and implicitly remind CSRs not to clock in before their workstations are fully configured and running.  These instructions are given at new-hire training presentations, in written handbooks, and by Alorica employees during the course of CSRs' work.  If a CSR is found to be clocked in while performing this preparatory work, she is subject to discipline.  Plaintiffs are aware of instances of CSRs being disciplined for being clocked in while performing such work for Alorica.

53.   <u>Configuring workstations</u>.  Configuring workstations can take substantial time.  <u>First</u>, after reporting for work at the call center, a CSR needs time to receive her assignment and travel to the workstation.  Alorica call centers are physically massive, housing hundreds of workstations each.  They can be roughly the size of a football field.  <u>Second</u>, upon arriving at a workstation, the CSR must ensure that it is properly configured.  This entails waiting for the CSR sitting at the workstation (if any) to complete her work and leave, and/or turning on and booting up the computer, then configuring it.

54.   <u>Computer crashes</u>.  Alorica's computer systems periodically crash, automatically clocking CSRs out of the timekeeping system.  Sometimes, the systems crash multiple times per week.  When the computer crash clocks CSRs out, they are not paid for the work time they spend waiting for the computers to reboot and become operational again.

55.     Logging out for breaks.  Alorica often requires or allows CSRs to log out for breaks during the workday, even though those breaks must be paid under applicable state law.  Alorica has a policy of not always compensating CSRs for that break time, in violation of applicable state law.

56.     Breaks measurable from timekeeping records.  On information and belief, the compensable time spent by CSRs on such breaks is readily determinable by reference to Alorica's time records.  For example, if a CSR is assigned a shift from 9:00 a.m. to 5:30 p.m., and she clocks out for lunch from 12:01 to 12:31 p.m., and then again from 3:01 to 3:12 p.m., but is otherwise clocked in, she is clocked in (and paid) for a total of 7 hours and 49 minutes (i.e., 8:30 – 0:30 – 0:11).  However, under applicable law, she must be paid for 8 hours and 00 minutes.  In this illustration, Alorica failed to pay her for 11 minutes of work, and is liable based on that violation.

57.     Discouraging breaks.  Alorica sets an assigned time in the morning and an assigned time in the afternoon for approved breaks.  Alorica discourages CSRs from taking breaks – even to use the bathroom – outside of those allotted break times.  CSRs have been disciplined for taking bathroom breaks at unapproved times.  Some CSRs have reported wearing diapers to work because they are prevented from taking necessary bathroom breaks.

58.     Obstruction of information.  Alorica structures its discipline regime in such a way as to obstruct CSRs' efforts to confirm whether they are getting paid properly.  For example, CSRs are not allowed to have pens or other writing utensils in the call center building.  CSRs can be issued a final warning and be terminated for violating this rule by being caught with a pen at their desk.  This rule makes it virtually impossible for a CSR to keep the records that Alorica fails to keep regarding her work hours.

## COLLECTIVE ACTION ALLEGATIONS

59.     The FLSA Collective Representatives bring the First Claim for Relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all Nationwide FLSA Plaintiffs, defined in paragraph 15.

60.     Plaintiffs Maddox and Gomez bring the Second Claim for Relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all Nationwide FLSA Plaintiffs, defined in paragraph 15.

61.     The names and addresses of the Nationwide FLSA Plaintiffs are available from Alorica's records.  Notice should be provided to the Nationwide FLSA Plaintiffs via first class mail, email, and posting in the offices where they have worked as soon as practicable, such that they may be afforded the opportunity to opt in by submitting an opt-in form online or by submitting a consent to join form by other means.

## CALIFORNIA CLASS ACTION ALLEGATIONS

62.     The California Class Representative brings the Second, Third, Fourth, Fifth, Sixth, and Seventh Claims for Relief for violation of California's wage and hour laws as a class action, pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), on behalf of all California Class members, defined in paragraph 16.

63.     <u>Numerosity</u> (Fed. R. Civ. P. 23(a)(1)) – The California Class is so numerous that joinder of all members is impracticable.  Plaintiffs are informed and believe, and on that basis allege, that during the California Class Period defendant Alorica has employed at least one hundred persons who satisfy the definition of the California Class.

64.    <u>Commonality</u> (Fed. R. Civ. P. 23(a)(2)) – Common questions of law and fact exist as to members of the California Class, including, but not limited to, the following:

a.    Whether Alorica unlawfully failed to pay all wages owed in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*., and the California Labor Code and related regulations, Cal. Wage Order No. 4; Cal. Labor Code §§ 510, 1194, Cal. Labor Code §§ 201, 202, & 203; Cal. Labor Code §§ 226, 1174, & 1174.5;

b.    Whether Alorica maintained a policy or practice of requiring, suffering, or permitting the California Class members to work off the clock without proper compensation under California law;

c.    Whether Alorica unlawfully failed to keep and furnish employees with records of hours worked, in violation of Labor Code §§ 226 and 1174;

d.    Whether Alorica unlawfully failed to provide California Class members with meal and rest breaks, in violation of Labor Code §§ 226.7 and 512;

e.    Whether Alorica's policy and practice of failing to pay its employees all wages due immediately upon discharge violates the California Wage Payment Provisions elaborated in the Fourth Claim for Relief;

f.    Whether Alorica's policy and practice of failing to pay its employees all wages due within the time required by law after their employment ended violates California law; and

g.    The proper measure of damages sustained by members of the California Class.

65.    <u>Typicality</u> (Fed. R. Civ. P. 23(a)(3)) – Plaintiffs' claims are typical of California Class members' claims.  Plaintiffs, like other California Class members, were subjected to Alorica's policy and practice of refusing to pay

1  overtime in violation of California law.  Plaintiffs' job duties and claims were and

2  are typical of those of the California Class members.

3         66.    <u>Adequacy</u> (Fed. R. Civ. P. 23(a)(4)) – Plaintiffs will fairly and

4  adequately represent and protect the interests of the California Class members.

5         67.    Adequacy of counsel (Fed. R. Civ. P. 23(g)) – Plaintiffs have

6  retained counsel competent and experienced in complex class actions, the FLSA,

7  and state labor and employment litigation.  Plaintiffs' counsel has litigated

8  numerous class actions on behalf of technical support workers asserting overtime

9  misclassification claims under the FLSA, California law, and other law.  Plaintiffs'

10  counsel intends to commit the necessary resources to prosecute this action

11  vigorously for the benefit of all Class members.

12         68.    Class certification of the Second, Third, Fourth, Fifth, Sixth, and

13  Seventh Claims for Relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(2)

14  because Alorica has acted or refused to act on grounds generally applicable to the

15  California Class, making appropriate declaratory and injunctive relief with respect

16  to the Plaintiffs and the California Class as a whole.  Plaintiffs are entitled to

17  injunctive relief to end Alorica's common and uniform practice of failing to

18  compensate its employees for all work performed for the benefit of Alorica.

19         69.    <u>Predominance</u> and <u>superiority</u> (Fed. R. Civ. P. 23(b)(3)) – Class

20  certification of the Second, Third, Fourth, Fifth, Sixth, and Seventh Claims for

21  Relief is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law

22  and fact common to the California Class predominate over any questions affecting

23  only individual members of the California Class, and because a class action is

24  superior to other available methods for the fair and efficient adjudication of this

25  litigation.  Alorica's common and uniform policies and practices unlawfully fail to

26  compensate the California Class members for all hours worked.  The damages

27  suffered by individual California Class members are small compared to the expense

28  and burden of individual prosecution of this litigation.  In addition, class

1    certification is superior because it will obviate the need for unduly duplicative

2    litigation which might result in inconsistent judgments about Alorica's practices.

3        70.    <u>Notice</u> (Fed. R. Civ. P 23(c)(2)(B)) – Plaintiffs intend to send

4    notice to all members of the California Class to the extent required by Rule 23.

5    **<u>FLORIDA CLASS ACTION ALLEGATIONS</u>**

6        71.    The Florida Class Representative brings the Eighth Claim for

7    Relief for violation of Florida's wage and hour laws as a class action, pursuant to

8    Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), on behalf of all Florida Class members,

9    defined in paragraph 17.

10        72.    <u>Numerosity</u> (Fed. R. Civ. P. 23(a)(1)) – The Florida Class is so

11    numerous that joinder of all members is impracticable. Plaintiffs are informed and

12    believe, and on that basis allege, that during the Florida Class Period defendant

13    Alorica has employed at least one hundred persons who satisfy the definition of the

14    Florida Class.

15        73.    <u>Commonality</u> (Fed. R. Civ. P. 23(a)(2)) – Common questions of

16    law and fact exist as to members of the Florida Class, including, but not limited to,

17    the following:

18        a.    Whether Alorica unlawfully failed to pay all wages owed

19    in violation of Florida law;

20        b.    Whether Alorica maintained a policy or practice of

21    requiring, suffering, or permitting the Florida Class members to work off the clock

22    without proper compensation under Florida law; and

23        c.    The proper measure of damages sustained by members of

24    the Florida Class.

25        74.    <u>Typicality</u> (Fed. R. Civ. P. 23(a)(3)) – Plaintiffs' claims are

26    typical of Florida Class members' claims. Plaintiffs, like other Florida Class

27    members, were subjected to Alorica's policy and practice of refusing to pay

28

1    overtime in violation of Florida law.  Plaintiffs' job duties and claims were and are

2    typical of those of the Florida Class members.

3           75.    <u>Adequacy</u> (Fed. R. Civ. P. 23(a)(4)) – Plaintiffs will fairly and

4    adequately represent and protect the interests of the Florida Class members.

5           76.    Adequacy of counsel (Fed. R. Civ. P. 23(g)) – Plaintiffs have

6    retained counsel competent and experienced in complex class actions, the FLSA,

7    and state labor and employment litigation.  Plaintiffs' counsel has litigated

8    numerous class actions on behalf of technical support workers asserting overtime

9    misclassification claims under the FLSA, Florida law, and other law.  Plaintiffs'

10   counsel intends to commit the necessary resources to prosecute this action

11   vigorously for the benefit of all Class members.

12          77.    Class certification of the Eighth Claim for Relief is appropriate

13   pursuant to Fed. R. Civ. P. 23(b)(2) because Alorica has acted or refused to act on

14   grounds generally applicable to the Florida Class, making appropriate declaratory

15   and injunctive relief with respect to the Plaintiffs and the Florida Class as a whole.

16   Plaintiffs are entitled to injunctive relief to end Alorica's common and uniform

17   practice of failing to compensate its employees for all work performed for the

18   benefit of Alorica.

19          78.    <u>Predominance</u> and <u>superiority</u> (Fed. R. Civ. P. 23(b)(3)) – Class

20   certification of the Eighth Claim for Relief is also appropriate under Fed. R. Civ. P.

21   23(b)(3) because questions of law and fact common to the Florida Class

22   predominate over any questions affecting only individual members of the Florida

23   Class, and because a class action is superior to other available methods for the fair

24   and efficient adjudication of this litigation.  Alorica's common and uniform policies

25   and practices unlawfully fail to compensate the Florida Class members for all hours

26   worked.  The damages suffered by individual Florida Class members are small

27   compared to the expense and burden of individual prosecution of this litigation.  In

28   addition, class certification is superior because it will obviate the need for unduly

1    duplicative litigation which might result in inconsistent judgments about Alorica's

2    practices.

3         79.    Notice (Fed. R. Civ. P 23(c)(2)(B)) – Plaintiffs intend to send

4    notice to all members of the Florida Class to the extent required by Rule 23.

5         **GEORGIA CLASS ACTION ALLEGATIONS**

6         80.    The Georgia Class Representative brings the Ninth Claim for

7    Relief for violation of Georgia's wage and hour laws as a class action, pursuant to

8    Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), on behalf of all Georgia Class members,

9    defined in paragraph 18.

10        81.    Numerosity (Fed. R. Civ. P. 23(a)(1)) – The Georgia Class is so

11   numerous that joinder of all members is impracticable.  Plaintiffs are informed and

12   believe, and on that basis allege, that during the Georgia Class Period defendant

13   Alorica has employed at least one hundred persons who satisfy the definition of the

14   Georgia Class.

15        82.    Commonality (Fed. R. Civ. P. 23(a)(2)) – Common questions of

16   law and fact exist as to members of the Georgia Class, including, but not limited to,

17   the following:

18        a.    Whether Alorica unlawfully failed to pay all wages owed

19   in violation of Georgia law;

20        b.    Whether Alorica maintained a policy or practice of

21   requiring, suffering, or permitting the Georgia Class members to work off the clock

22   without proper compensation under Georgia law; and

23        c.    The proper measure of damages sustained by members of

24   the Georgia Class.

25        83.    Typicality (Fed. R. Civ. P. 23(a)(3)) – Plaintiffs' claims are

26   typical of Georgia Class members' claims.  Plaintiffs, like other Georgia Class

27   members, were subjected to Alorica's policy and practice of refusing to pay

28

1  overtime in violation of Georgia law.  Plaintiffs' job duties and claims were and are

2  typical of those of the Georgia Class members.

3        84.    Adequacy (Fed. R. Civ. P. 23(a)(4)) – Plaintiffs will fairly and

4  adequately represent and protect the interests of the Georgia Class members.

5        85.    Adequacy of counsel (Fed. R. Civ. P. 23(g)) – Plaintiffs have

6  retained counsel competent and experienced in complex class actions, the FLSA,

7  and state labor and employment litigation.  Plaintiffs' counsel has litigated

8  numerous class actions on behalf of technical support workers asserting overtime

9  misclassification claims under the FLSA, Georgia law, and other law.  Plaintiffs'

10  counsel intends to commit the necessary resources to prosecute this action

11  vigorously for the benefit of all Class members.

12        86.    Class certification of the Ninth Claim for Relief is appropriate

13  pursuant to Fed. R. Civ. P. 23(b)(2) because Alorica has acted or refused to act on

14  grounds generally applicable to the Georgia Class, making appropriate declaratory

15  and injunctive relief with respect to the Plaintiffs and the Georgia Class as a whole.

16  Plaintiffs are entitled to injunctive relief to end Alorica's common and uniform

17  practice of failing to compensate its employees for all work performed for the

18  benefit of Alorica.

19        87.    Predominance and superiority (Fed. R. Civ. P. 23(b)(3)) – Class

20  certification of the Ninth Claim for Relief is also appropriate under Fed. R. Civ. P.

21  23(b)(3) because questions of law and fact common to the Georgia Class

22  predominate over any questions affecting only individual members of the Georgia

23  Class, and because a class action is superior to other available methods for the fair

24  and efficient adjudication of this litigation.  Alorica's common and uniform policies

25  and practices unlawfully fail to compensate the Georgia Class members for all

26  hours worked.  The damages suffered by individual Georgia Class members are

27  small compared to the expense and burden of individual prosecution of this

28  litigation.  In addition, class certification is superior because it will obviate the need

for unduly duplicative litigation which might result in inconsistent judgments about Alorica's practices.

88.     Notice (Fed. R. Civ. P 23(c)(2)(B)) – Plaintiffs intend to send notice to all members of the Georgia Class to the extent required by Rule 23.

## OKLAHOMA CLASS ACTION ALLEGATIONS

89.     The Oklahoma Class Representative brings the Tenth Claim for Relief for violation of Oklahoma's wage and hour laws as a class action, pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), on behalf of all Oklahoma Class members, defined in paragraph 19.

90.     Numerosity (Fed. R. Civ. P. 23(a)(1)) – The Oklahoma Class is so numerous that joinder of all members is impracticable.  Plaintiffs are informed and believe, and on that basis allege, that during the Oklahoma Class Period defendant Alorica has employed at least one hundred persons who satisfy the definition of the Oklahoma Class.

91.     Commonality (Fed. R. Civ. P. 23(a)(2)) – Common questions of law and fact exist as to members of the Oklahoma Class, including, but not limited to, the following:

a.     Whether Alorica unlawfully failed to pay all wages owed in violation of Oklahoma law;

b.     Whether Alorica maintained a policy or practice of requiring, suffering, or permitting the Oklahoma Class members to work off the clock without proper compensation under Oklahoma law; and

c.     The proper measure of damages sustained by members of the Oklahoma Class.

92.     Typicality (Fed. R. Civ. P. 23(a)(3)) – Plaintiffs' claims are typical of Oklahoma Class members' claims.  Plaintiffs, like other Oklahoma Class members, were subjected to Alorica's policy and practice of refusing to pay

overtime in violation of Oklahoma law.  Plaintiffs' job duties and claims were and are typical of those of the Oklahoma Class members.

93.    <u>Adequacy</u> (Fed. R. Civ. P. 23(a)(4)) – Plaintiffs will fairly and adequately represent and protect the interests of the Oklahoma Class members.

94.    Adequacy of counsel (Fed. R. Civ. P. 23(g)) – Plaintiffs have retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation.  Plaintiffs' counsel has litigated numerous class actions on behalf of technical support workers asserting overtime misclassification claims under the FLSA, Oklahoma law, and other law.  Plaintiffs' counsel intends to commit the necessary resources to prosecute this action vigorously for the benefit of all Class members.

95.    Class certification of the Tenth Claim for Relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Alorica has acted or refused to act on grounds generally applicable to the Oklahoma Class, making appropriate declaratory and injunctive relief with respect to the Plaintiffs and the Oklahoma Class as a whole.  Plaintiffs are entitled to injunctive relief to end Alorica's common and uniform practice of failing to compensate its employees for all work performed for the benefit of Alorica.

96.    <u>Predominance</u> and <u>superiority</u> (Fed. R. Civ. P. 23(b)(3)) – Class certification of the Tenth Claim for Relief is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Oklahoma Class predominate over any questions affecting only individual members of the Oklahoma Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  Alorica's common and uniform policies and practices unlawfully fail to compensate the Oklahoma Class members for all hours worked.  The damages suffered by individual Oklahoma Class members are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class certification is superior because it

1    will obviate the need for unduly duplicative litigation which might result in

2    inconsistent judgments about Alorica's practices.

3          97.    Notice (Fed. R. Civ. P 23(c)(2)(B)) – Plaintiffs intend to send

4    notice to all members of the Oklahoma Class to the extent required by Rule 23.

5                **PENNSYLVANIA CLASS ACTION ALLEGATIONS**

6          98.    The Pennsylvania Class Representative brings the Eleventh

7    Claim for Relief for violation of Pennsylvania's wage and hour laws as a class

8    action, pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), on behalf of all

9    Pennsylvania Class members, defined in paragraph 20.

10         99.    Numerosity (Fed. R. Civ. P. 23(a)(1)) – The Pennsylvania Class

11   is so numerous that joinder of all members is impracticable.  Plaintiffs are informed

12   and believe, and on that basis allege, that during the Pennsylvania Class Period

13   defendant Alorica has employed at least one hundred persons who satisfy the

14   definition of the Pennsylvania Class.

15         100.   Commonality (Fed. R. Civ. P. 23(a)(2)) – Common questions of

16   law and fact exist as to members of the Pennsylvania Class, including, but not

17   limited to, the following:

18              a.    Whether Alorica unlawfully failed to pay all wages owed

19   in violation of Pennsylvania law;

20              b.    Whether Alorica maintained a policy or practice of

21   requiring, suffering, or permitting the Pennsylvania Class members to work off the

22   clock without proper compensation under Pennsylvania law; and

23              c.    The proper measure of damages sustained by members of

24   the Pennsylvania Class.

25         101.   Typicality (Fed. R. Civ. P. 23(a)(3)) – Plaintiffs' claims are

26   typical of Pennsylvania Class members' claims.  Plaintiffs, like other Pennsylvania

27   Class members, were subjected to Alorica's policy and practice of refusing to pay

28

1    overtime in violation of Pennsylvania law.  Plaintiffs' job duties and claims were

2    and are typical of those of the Pennsylvania Class members.

3         102.   Adequacy (Fed. R. Civ. P. 23(a)(4)) – Plaintiffs will fairly and

4    adequately represent and protect the interests of the Pennsylvania Class members.

5         103.   Adequacy of counsel (Fed. R. Civ. P. 23(g)) – Plaintiffs have

6    retained counsel competent and experienced in complex class actions, the FLSA,

7    and state labor and employment litigation.  Plaintiffs' counsel has litigated

8    numerous class actions on behalf of technical support workers asserting overtime

9    misclassification claims under the FLSA, Pennsylvania law, and other law.

10   Plaintiffs' counsel intends to commit the necessary resources to prosecute this

11   action vigorously for the benefit of all Class members.

12        104.   Class certification of the Eleventh Claim for Relief is

13   appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Alorica has acted or

14   refused to act on grounds generally applicable to the Pennsylvania Class, making

15   appropriate declaratory and injunctive relief with respect to the Plaintiffs and the

16   Pennsylvania Class as a whole.  Plaintiffs are entitled to injunctive relief to end

17   Alorica's common and uniform practice of failing to compensate its employees for

18   all work performed for the benefit of Alorica.

19        105.   Predominance and superiority (Fed. R. Civ. P. 23(b)(3)) – Class

20   certification of the Eleventh Claim for Relief is also appropriate under Fed. R. Civ.

21   P. 23(b)(3) because questions of law and fact common to the Pennsylvania Class

22   predominate over any questions affecting only individual members of the

23   Pennsylvania Class, and because a class action is superior to other available

24   methods for the fair and efficient adjudication of this litigation.  Alorica's common

25   and uniform policies and practices unlawfully fail to compensate the Pennsylvania

26   Class members for all hours worked.  The damages suffered by individual

27   Pennsylvania Class members are small compared to the expense and burden of

28   individual prosecution of this litigation.  In addition, class certification is superior

because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Alorica's practices.

106. <u>Notice</u> (Fed. R. Civ. P 23(c)(2)(B)) – Plaintiffs intend to send notice to all members of the Pennsylvania Class to the extent required by Rule 23.

### SOUTH CAROLINA CLASS ACTION ALLEGATIONS

107. The South Carolina Class Representative brings the Twelfth and Thirteenth Claims for Relief for violation of South Carolina's wage and hour laws as a class action, pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), on behalf of all South Carolina Class members, defined in paragraph 21.

108. <u>Numerosity</u> (Fed. R. Civ. P. 23(a)(1)) – The South Carolina Class is so numerous that joinder of all members is impracticable. Plaintiffs are informed and believe, and on that basis allege, that during the South Carolina Class Period defendant Alorica has employed at least one hundred persons who satisfy the definition of the South Carolina Class.

109. <u>Commonality</u> (Fed. R. Civ. P. 23(a)(2)) – Common questions of law and fact exist as to members of the South Carolina Class, including, but not limited to, the following:

a. Whether Alorica unlawfully failed to pay all wages owed in violation of South Carolina law;

b. Whether Alorica maintained a policy or practice of requiring, suffering, or permitting the South Carolina Class members to work off the clock without proper compensation under South Carolina law; and

c. The proper measure of damages sustained by members of the South Carolina Class.

110. <u>Typicality</u> (Fed. R. Civ. P. 23(a)(3)) – Plaintiffs' claims are typical of South Carolina Class members' claims. Plaintiffs, like other South Carolina Class members, were subjected to Alorica's policy and practice of

1    refusing to pay overtime in violation of South Carolina law.  Plaintiffs' job duties

2    and claims were and are typical of those of the South Carolina Class members.

3             111.    <u>Adequacy</u> (Fed. R. Civ. P. 23(a)(4)) – Plaintiffs will fairly and

4    adequately represent and protect the interests of the South Carolina Class members.

5             112.    Adequacy of counsel (Fed. R. Civ. P. 23(g)) – Plaintiffs have

6    retained counsel competent and experienced in complex class actions, the FLSA,

7    and state labor and employment litigation.  Plaintiffs' counsel has litigated

8    numerous class actions on behalf of technical support workers asserting overtime

9    misclassification claims under the FLSA, South Carolina law, and other law.

10   Plaintiffs' counsel intends to commit the necessary resources to prosecute this

11   action vigorously for the benefit of all Class members.

12            113.    Class certification of the Twelfth and Thirteenth Claims for

13   Relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Alorica has acted

14   or refused to act on grounds generally applicable to the South Carolina Class,

15   making appropriate declaratory and injunctive relief with respect to the Plaintiffs

16   and the South Carolina Class as a whole.  Plaintiffs are entitled to injunctive relief

17   to end Alorica's common and uniform practice of failing to compensate its

18   employees for all work performed for the benefit of Alorica.

19            114.    <u>Predominance</u> and <u>superiority</u> (Fed. R. Civ. P. 23(b)(3)) – Class

20   certification of the Twelfth and Thirteenth Claim for Relief is also appropriate

21   under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the

22   South Carolina Class predominate over any questions affecting only individual

23   members of the South Carolina Class, and because a class action is superior to other

24   available methods for the fair and efficient adjudication of this litigation.  Alorica's

25   common and uniform policies and practices unlawfully fail to compensate the

26   South Carolina Class members for all hours worked.  The damages suffered by

27   individual South Carolina Class members are small compared to the expense and

28   burden of individual prosecution of this litigation.  In addition, class certification is

superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Alorica's practices.

115.    <u>Notice</u> (Fed. R. Civ. P 23(c)(2)(B)) – Plaintiffs intend to send notice to all members of the South Carolina Class to the extent required by Rule 23.

## **<u>TEXAS CLASS ACTION ALLEGATIONS</u>**

116.    The Texas Class Representative brings the Fourteenth Claim for Relief for violation of Texas's wage and hour laws as a class action, pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), on behalf of all Texas Class members, defined in paragraph 22.

117.    <u>Numerosity</u> (Fed. R. Civ. P. 23(a)(1)) – The Texas Class is so numerous that joinder of all members is impracticable.  Plaintiffs are informed and believe, and on that basis allege, that during the Texas Class Period defendant Alorica has employed at least one hundred persons who satisfy the definition of the Texas Class.

118.    <u>Commonality</u> (Fed. R. Civ. P. 23(a)(2)) – Common questions of law and fact exist as to members of the Texas Class, including, but not limited to, the following:

        a.    Whether Alorica unlawfully failed to pay all wages owed in violation of Texas law;

        b.    Whether Alorica maintained a policy or practice of requiring, suffering, or permitting the Texas Class members to work off the clock without proper compensation under Texas law; and

        c.    The proper measure of damages sustained by members of the Texas Class.

119.    <u>Typicality</u> (Fed. R. Civ. P. 23(a)(3)) – Plaintiffs' claims are typical of Texas Class members' claims.  Plaintiffs, like other Texas Class members, were subjected to Alorica's policy and practice of refusing to pay

overtime in violation of Texas law. Plaintiffs' job duties and claims were and are typical of those of the Texas Class members.

120. <u>Adequacy</u> (Fed. R. Civ. P. 23(a)(4)) – Plaintiffs will fairly and adequately represent and protect the interests of the Texas Class members.

121. Adequacy of counsel (Fed. R. Civ. P. 23(g)) – Plaintiffs have retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation. Plaintiffs' counsel has litigated numerous class actions on behalf of technical support workers asserting overtime misclassification claims under the FLSA, Texas law, and other law. Plaintiffs' counsel intends to commit the necessary resources to prosecute this action vigorously for the benefit of all Class members.

122. Class certification of the Fourteenth Claim for Relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Alorica has acted or refused to act on grounds generally applicable to the Texas Class, making appropriate declaratory and injunctive relief with respect to the Plaintiffs and the Texas Class as a whole. Plaintiffs are entitled to injunctive relief to end Alorica's common and uniform practice of failing to compensate its employees for all work performed for the benefit of Alorica.

123. <u>Predominance</u> and <u>superiority</u> (Fed. R. Civ. P. 23(b)(3)) – Class certification of the Fourteenth Claim for Relief is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Texas Class predominate over any questions affecting only individual members of the Texas Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Alorica's common and uniform policies and practices unlawfully fail to compensate the Texas Class members for all hours worked. The damages suffered by individual Texas Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly

1  duplicative litigation which might result in inconsistent judgments about Alorica's

2  practices.

3      124.    Notice (Fed. R. Civ. P 23(c)(2)(B)) – Plaintiffs intend to send

4  notice to all members of the Texas Class to the extent required by Rule 23.

5                    **VIRGINIA CLASS ACTION ALLEGATIONS**

6      125.    The Virginia Class Representative brings the Fifteenth Claim for

7  Relief for violation of Virginia's wage and hour laws as a class action, pursuant to

8  Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), on behalf of all Virginia Class members,

9  defined in paragraph 23.

10     126.    Numerosity (Fed. R. Civ. P. 23(a)(1)) – The Virginia Class is so

11  numerous that joinder of all members is impracticable.  Plaintiffs are informed and

12  believe, and on that basis allege, that during the Virginia Class Period defendant

13  Alorica has employed at least one hundred persons who satisfy the definition of the

14  Virginia Class.

15     127.    Commonality (Fed. R. Civ. P. 23(a)(2)) – Common questions of

16  law and fact exist as to members of the Virginia Class, including, but not limited to,

17  the following:

18          a.    Whether Alorica unlawfully failed to pay all wages owed

19  in violation of Virginia law;

20          b.    Whether Alorica maintained a policy or practice of

21  requiring, suffering, or permitting the Virginia Class members to work off the clock

22  without proper compensation under Virginia law; and

23          c.    The proper measure of damages sustained by members of

24  the Virginia Class.

25     128.    Typicality (Fed. R. Civ. P. 23(a)(3)) – Plaintiffs' claims are

26  typical of Virginia Class members' claims.  Plaintiffs, like other Virginia Class

27  members, were subjected to Alorica's policy and practice of refusing to pay

28

1    overtime in violation of Virginia law. Plaintiffs' job duties and claims were and are

2    typical of those of the Virginia Class members.

3            129.    <u>Adequacy</u> (Fed. R. Civ. P. 23(a)(4)) – Plaintiffs will fairly and

4    adequately represent and protect the interests of the Virginia Class members.

5            130.    Adequacy of counsel (Fed. R. Civ. P. 23(g)) – Plaintiffs have

6    retained counsel competent and experienced in complex class actions, the FLSA,

7    and state labor and employment litigation. Plaintiffs' counsel has litigated

8    numerous class actions on behalf of technical support workers asserting overtime

9    misclassification claims under the FLSA, Virginia law, and other law. Plaintiffs'

10    counsel intends to commit the necessary resources to prosecute this action

11    vigorously for the benefit of all Class members.

12            131.    Class certification of the Fifteenth Claim for Relief is

13    appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Alorica has acted or

14    refused to act on grounds generally applicable to the Virginia Class, making

15    appropriate declaratory and injunctive relief with respect to the Plaintiffs and the

16    Virginia Class as a whole. Plaintiffs are entitled to injunctive relief to end Alorica's

17    common and uniform practice of failing to compensate its employees for all work

18    performed for the benefit of Alorica.

19            132.    <u>Predominance</u> and <u>superiority</u> (Fed. R. Civ. P. 23(b)(3)) – Class

20    certification of the Fifteenth Claim for Relief is also appropriate under Fed. R. Civ.

21    P. 23(b)(3) because questions of law and fact common to the Virginia Class

22    predominate over any questions affecting only individual members of the Virginia

23    Class, and because a class action is superior to other available methods for the fair

24    and efficient adjudication of this litigation. Alorica's common and uniform policies

25    and practices unlawfully fail to compensate the Virginia Class members for all

26    hours worked. The damages suffered by individual Virginia Class members are

27    small compared to the expense and burden of individual prosecution of this

28    litigation. In addition, class certification is superior because it will obviate the need

for unduly duplicative litigation which might result in inconsistent judgments about Alorica's practices.

133.     Notice (Fed. R. Civ. P 23(c)(2)(B)) – Plaintiffs intend to send notice to all members of the Virginia Class to the extent required by Rule 23.

**FIRST CLAIM FOR RELIEF**
**(FLSA Off-the-Clock Claim, 29 U.S.C. § 201, *et seq.*,**
**Brought by the FLSA Collective Representatives,**
**on Behalf of Themselves and the Nationwide FLSA Plaintiffs)**

134.     The FLSA Collective Representatives, on behalf of themselves and the Nationwide FLSA Plaintiffs, reallege and incorporate by reference the preceding paragraphs as if they were set forth again herein.

135.     At all relevant times, Alorica has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, Alorica has employed, and continues to employ, "employee[s]," including the FLSA Collective Representatives, and each of the collective Nationwide FLSA Plaintiffs.  At all relevant times, Alorica has had gross operating revenues in excess of $500,000.

136.     It is likely that other individuals besides the FLSA Collective Representatives will sign consent forms and join as Plaintiffs on this claim in the future, pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b).

137.     The FLSA requires each covered employer, including Alorica, to compensate all nonexempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

138.     The FLSA Collective Representatives and the Nationwide FLSA Plaintiffs are entitled to be paid overtime compensation for all overtime hours worked.

THE CASE HEADER

139. At all relevant times, Alorica, pursuant to its policies and practices, failed and refused to pay overtime premiums to the FLSA Collective Representatives and the Nationwide FLSA Plaintiffs for their hours worked in excess of forty hours per week.

140. By failing to compensate the FLSA Collective Representatives and the Nationwide FLSA Plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Alorica has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. § 207(a)(1), and § 215(a).

141. By failing to record, report, and/or preserve records of hours worked by the FLSA Collective Representatives and the Nationwide FLSA Plaintiffs, Alorica has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. § 211(c) and § 215(a).

142. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

143. The FLSA Collective Representatives, on behalf of themselves and the Nationwide FLSA Plaintiffs, seek recovery of attorneys' fees and costs of action to be paid by Alorica, as provided by the FLSA, 29 U.S.C. § 216(b).

144. The FLSA Collective Representatives, on behalf of themselves and the Nationwide FLSA Plaintiffs, seek damages in the amount of unpaid overtime compensation, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

### SECOND CLAIM FOR RELIEF
### (FLSA Overtime Miscalculation Claim, 29 U.S.C. § 201, *et seq.*,
### Brought by Plaintiffs Maddox, Edden, and Gomez
### on Behalf of Themselves and the Nationwide FLSA Plaintiffs)

145.    Plaintiffs Maddox, Edden, and Gomez, on behalf of the,selves and the Nationwide FLSA Plaintiffs, reallege and incorporate by reference the preceding paragraphs as if they were set forth again herein.

146.    The FLSA requires all remuneration given to an employee (with a few limited exceptions) to be included in the calculation of the employee's regular rate when calculating overtime premiums.  29 U.S.C. § 207(e); 29 C.F.R. § 778.108.

147.    Commissions are wages and count as compensable remuneration for purposes of calculating an employee's regular rate.  29 C.F.R. § 778.117.

148.    Plaintiffs Maddox, Edden, and Gomez were paid in part by commission (in addition to their hourly rate) during weeks when they worked overtime during the liability period.  However, on information and belief, Alorica failed to include these commissions when calculating their regular rate and consequently their overtime pay.

149.    By failing to compensate Plaintiffs Maddox, Edden, and Gomez and the Nationwide FLSA Plaintiffs at a rate not less than one and one-half times the regular rate of pay (inclusive of all remuneration, including commissions) for work performed in excess of forty hours in a workweek, Alorica has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. § 207(a)(1), and § 215(a).

150.    By failing to record, report, and/or preserve records of hours worked by Plaintiffs Maddox, Edden, and Gomez and the Nationwide FLSA Plaintiffs, Alorica has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other

conditions and practice of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. § 211(c) and § 215(a).

151.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

152.    Plaintiffs Maddox, Edden, and Gomez, on behalf of themselves and the Nationwide FLSA Plaintiffs, seek recovery of attorneys' fees and costs of action to be paid by Alorica, as provided by the FLSA, 29 U.S.C. § 216(b).

153.    Plaintiffs Maddox, Edden, and Gomez, on behalf of themselves and the Nationwide FLSA Plaintiffs, seek damages in the amount of unpaid overtime compensation, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

**THIRD CLAIM FOR RELIEF**
**(California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*,**
**Brought by the California Class Representative**
**on Behalf of Herself and the California Class)**

154.    The California Class Representative, on behalf of herself and all members of the California Class, realleges and incorporates by reference the preceding paragraphs as if they were set forth again herein.

155.    The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.* The UCL prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

156.    Beginning at a date unknown to Plaintiffs, but at least as long ago as four years ago, Alorica committed, and continues to commit, acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein. Alorica's conduct as herein alleged has injured the California Class Representative and the California Class members by wrongfully

1    denying them earned wages, and therefore was substantially injurious to the

2    California Class Representative and to California Class members.

3            157.    Alorica engaged in unfair competition in violation of the UCL

4    by violating, *inter alia*, each of the following laws.  Each of these violations

5    constitutes an independent and separate violation of the UCL:

6                   a.      The Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*;

7                   b.      California Labor Code § 1194

8                   c.      California Labor Code §§ 201, 202, 203, 204, 226, 226.7,

9    and 512;

10                  d.      California Labor Code § 1174; and

11                  e.      California Labor Code § 510, which provides in relevant

12   part:

13           Any work in excess of eight hours in one workday
     and any work in excess of 40 hours in any one
14           workweek and the first eight hours worked on the
     seventh day of work in any one workweek shall be
15           compensated at the rate of no less than one and
     one-half times the regular rate of pay for an
16           employee.  Any work in excess of 12 hours in one
     day shall be compensated at the rate of no less than
17           twice the regular rate of pay for an employee.  In
     addition, any work in excess of eight hours on any
18           seventh day of a workweek shall be compensated
     at the rate of no less than twice the regular rate of
19           pay of an employee.

20           158.    Alorica's course of conduct, acts, and practices in violation of

21   the California laws mentioned in the above paragraph constitute a separate and

22   independent violation of the UCL.  Alorica's conduct described herein violates the

23   policy or spirit of such laws or otherwise significantly threatens or harms

24   competition.

25           159.    The unlawful and unfair business practices and acts of Alorica,

26   described above, have injured California Class members in that they were

27   wrongfully denied the payment of earned overtime wages.

28

160.     The California Class Representative, on behalf of herself and the California Class, seeks restitution in the amount of the respective unpaid wages earned and due at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, or eight hours in a day, and double the regular rate of pay for work performed in excess of twelve hours per day.

161.     The California Class Representative, on behalf of herself and the California Class, seeks recovery of attorneys' fees and costs of this action to be paid by Alorica, as provided by the UCL and California Labor Code §§ 218, 218.5 and 1194.

### THIRD CLAIM FOR RELIEF
### (Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 510 & 1194, Brought by the California Class Representative, on Behalf of Herself and the California Class)

162.     The California Class Representative, on behalf of herself and the California Class members, realleges and incorporates by reference the preceding paragraphs as if they were set forth again herein.

163.     California law requires an employer, such as Alorica, to pay employees for all hours worked.  California's wage order governing Alorica CSRs defines "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."  Cal. Code Regs. tit. 8, § 11040 at subd. 2(K).

164.     California law further requires an employer, such as Alorica, to pay overtime compensation to all nonexempt employees for all hours worked over forty per week, or over eight per day.  The California Class Representative and California Class members are nonexempt employees entitled to be paid overtime compensation for all overtime hours worked.

- 38 -

165.    Throughout the California Class Period, and continuing through the present, the California Class Representative and California Class members worked in excess of eight hours in a workday and/or forty hours in a workweek. The California Class Representative and certain California Class members also worked in excess of twelve hours in a workday.

166.    As a direct and proximate result of Alorica's unlawful conduct, as set forth herein, the California Class Representative and California Class members have sustained damages, including loss of earnings for hours of overtime worked on behalf of Alorica in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

**FOURTH CLAIM FOR RELIEF**
**(California Wage Payment Provisions, Cal. Labor Code §§ 201, 202, & 203, Brought by the California Class Representative, on Behalf of Herself and the California Class)**

167.    The California Class Representative, on behalf of herself and all members of the California Class, realleges and incorporates by reference the preceding paragraphs as if they were set forth again herein.

168.    California Labor Code §§ 201 and 202 require Alorica to pay its employees all wages due within the time specified by law.  California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employee must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

169.    The California Class Representative and all California Class members who ceased employment with Alorica are entitled to unpaid compensation, but to date have not received such compensation.

170.    More than thirty days have passed since the California Class Representative and certain California Class members left Alorica's employ.

171.    As a consequence of Alorica's willful conduct in not paying compensation for all hours worked, the California Class Representative and California Class members whose employment ended during the class period are entitled to thirty days' wages under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

**FIFTH CLAIM FOR RELIEF**
**(California Record-Keeping Provisions,**
**Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 226, 1174, & 1174.5,**
**Brought by the California Class Representative,**
**on Behalf of herself and the California Class)**

172.    The California Class Representative, on behalf of herself and all members of the California Class, realleges and incorporates by reference the preceding paragraphs as if they were set forth again herein.

173.    Alorica knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, hours worked, to the California Class Representative and California Class members in accordance with Labor Code § 226(a) and the IWC Wage Orders.  Such failure caused injury to the California Class Representative and the California Class members, by among other things, impeding them from knowing the amount of wages to they were and are entitled.  At all times relevant herein, Alorica has failed to maintain records of hours worked by the California Class Representative and California Class members as required under Labor Code § 1174(d).

174.    The California Class Representative and California Class members are entitled to and seek injunctive relief requiring Alorica to comply with Labor Code §§ 226(a) and 1174(d), and further seek the amount provided under Labor Code §§ 226(e) and 1174.5, including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period.

### SIXTH CLAIM FOR RELIEF
### (California Meal Period Provisions, Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 218.5, 226.7, & 512, Brought by the California Class Representative, on behalf of Herself and the California Class)

175.    The California Class Representative, on behalf of herself and all members of the California Class, realleges and incorporates by reference the preceding paragraphs as if they were set forth again herein.

176.    The California Class Representative and the California Class members regularly work and have worked in excess of five-hour shifts without being afforded at least a half-hour meal break in which they were relieved of all duty, and more than ten-hour shifts without being afforded a second half-hour meal break in which they were relieved of all duty, as required by Labor Code §§ 226.7 and 512 and Wage Order No. 4-2000, § 11(a).

177.    In addition, the California Class Representative and California Class members regularly work and have worked without being afforded at least one ten-minute rest break, in which they were relieved of all duty, per four hours of work performed or major fraction thereof, as required by Labor Code §§ 226.7 and Wage Order No. 4-2000, § 12.

178.    As a result of Alorica's failure to afford proper meal periods, it is liable to the California Class Representative and California Class members for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to Labor Code § 226.7 and Wage Order No. 4-2001, § 11(b).

179.    As a result of Alorica's failure to afford proper rest periods, it is liable to the California Class Representative and California Class members for one hour of additional pay at the regular rate of compensation for each workday that the proper rest periods were not provided, pursuant to Labor Code § 226.7 and Wage Order No. 4-2001, § 12(b).

## SEVENTH CLAIM FOR RELIEF

### (California PAGA Claims, Cal. Labor Code §§ 2698-2699.5,

### Brought by the California Class Representative,

### on behalf of Herself and the California Class)

180.    The California Class Representative, on behalf of herself and all members of the California Class, realleges and incorporates by reference the preceding paragraphs as if they were set forth again herein.

181.    Under the California Private Attorneys General Act ("PAGA") of 2006, Cal. Labor Code §§ 2698-2699.5, an aggrieved employee, on behalf of himself or herself and other current or former employees as well as the general public, may bring a representative action as a private attorney general to recover penalties for an employer's violations of the California Labor Code and IWC Wage Orders.  These civil penalties are in addition to any other relief available under the Cal. Labor Code, and must be allocated 75% to California's Labor and Workforce Development Agency and 25% to the aggrieved employee, pursuant to Cal. Labor Code § 2699.

182.    Pursuant to Cal. Labor Code § 1198, Alorica's failure to pay proper compensation to the California Class Representative and California Class members, failure to keep and furnish them with records of hours worked, failure to provide them with meal and rest breaks, and failure to pay them all wages due immediately upon discharge and within the time required by law after their employment ended is unlawful and constitutes violations of the Cal. Labor Code, each actionable under PAGA.

183.    The California Class Representative alleges, on behalf of herself and the California Class, as well as the general public, that Alorica has violated the following provisions of the Cal. Labor Code and the following provisions of Cal. Wage Orders that are actionable through the Cal. Labor Code and PAGA, as previously alleged herein: in Cal. Wage Order No. 4; Cal. Labor Code §§ 510,

1194, Cal. Labor Code §§ 201, 202, & 203, and Cal. Labor Code §§ 226, 1174, & 1174.5. Each of these violations entitles the California Class Representative, as a private attorney general, to recover the applicable statutory civil penalties on her own behalf, on behalf of all aggrieved employees, and on behalf of the general public.

184. Cal. Labor Code § 2699(a), which is part of PAGA, provides in pertinent part:

> Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in § 2699.3.

185. Cal. Labor Code § 2699(f), which is part of PAGA, provides in pertinent part:

> For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: … (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

186. The California Class Representative is entitled to civil penalties, to be paid by Alorica and allocated as PAGA requires, pursuant to Cal. Labor Code § 2699(a) for Alorica's violations of the Cal. Labor Code and IWC Wage Orders for which violations a civil penalty is already specifically provided by law. Further, the California Class Representative is entitled to civil penalties, to be paid by Alorica and allocated as PAGA requires, pursuant to Cal. Labor Code § 2699(f) for

Alorica's violations of the Cal. Labor Code and IWC Wage Orders for which violations a civil penalty is not already specifically provided.

187.     On May 30, 2014, the California Class Representative provided written notice by certified mail to the California Labor & Workforce Development Agency ("LWDA") and to Alorica of the legal claims and theories of this case contemporaneous with the filing of the Complaint in this action.

188.     Under PAGA, the California Class Representative and the State of California are entitled to recover the maximum civil penalties permitted by law for the violations of the Cal. Labor Code and Wage Order No. 4 that are alleged in this Complaint.

## EIGHTH CLAIM FOR RELIEF
### (Florida Breach of Contract, Brought by the Florida Class Representative, on Behalf of Herself and the Florida Class)

189.     The Florida Class Representative, on behalf of herself and all members of the Florida Class, realleges and incorporates by reference the preceding paragraphs as if they were set forth again herein.

190.     The foregoing conduct, as alleged, constitutes breach of contract under Florida law.

191.     The Florida Class Representative and Alorica entered into a contract for the former to provide services to the latter at an agreed-upon wage. Alorica offered employment to the Florida Class Representative, and latter accepted.  Both parties received consideration:  the Florida Class Representative received money, and Alorica received the value of the Florida Class Representative's time.  Alorica specified the exact hourly rates that it agreed to pay the Florida Class Representative for her time.  The Florida Class members likewise entered into contracts with Alorica in this manner.

192.    Alorica breached that contract by failing to pay the Florida Class Representative and the Florida Class members for all hours they worked for Alorica.

193.    The Florida Class Representative and the Florida Class members suffered damages resulting from Alorica's breach of contract.  Such damages include lost wages, interest, and such relief as the Court deems just and proper.

194.    At all relevant times, Alorica had a policy and practice of failing and refusing to pay the Florida Class Representative and the Florida Class members for all hours worked, by requiring, suffering, or permitting them to work off the clock.

195.    As a result of Alorica's failure to pay wages earned and due, and its decision to withhold wages earned and due, to the Florida Class Representative and the Florida Class members at their agreed-upon hourly rate and, for work performed in excess of forty hours in a workweek, at a rate not less than one and one-half times the regular rate of pay, Alorica has breached – and continues to breach – its contracts with the Florida Class Representative and the Florida Class members.

196.    The Florida Class Representative, on behalf of herself and the Florida Class members, seeks damages in the amount of the respective unpaid wages earned and due at a rate of their agreed-upon hourly rate for non-overtime hours and at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

# NINTH CLAIM FOR RELIEF
## (Georgia Breach of Contract,
## Brought by the Georgia Class Representative,
## on Behalf of Himself and the Georgia Class)

197.    The Georgia Class Representative, on behalf of himself and all members of the Georgia Class, realleges and incorporates by reference the preceding paragraphs as if they were set forth again herein.

198.    The foregoing conduct, as alleged, constitutes breach of contract under Georgia law.

199.    The Georgia Class Representative and Alorica entered into a contract for the former to provide services to the latter at an agreed-upon wage. Alorica offered employment to the Georgia Class Representative, and latter accepted.  Both parties received consideration:  the Georgia Class Representative received money, and Alorica received the value of the Georgia Class Representative's time.  Alorica specified the exact hourly rates that it agreed to pay the Georgia Class Representative for his time.  The Georgia Class members likewise entered into contracts with Alorica in this manner.

200.    Alorica breached that contract by failing to pay the Georgia Class Representative and the Georgia Class members for all hours they worked for Alorica.

201.    The Georgia Class Representative and the Georgia Class members suffered damages resulting from Alorica's breach of contract.  Such damages include lost wages, interest, and such relief as the Court deems just and proper.

202.    At all relevant times, Alorica had a policy and practice of failing and refusing to pay the Georgia Class Representative and the Georgia Class members for all hours worked, by requiring, suffering, or permitting them to work off the clock.

203.     As a result of Alorica's failure to pay wages earned and due, and
its decision to withhold wages earned and due, to the Georgia Class Representative
and the Georgia Class members at their agreed-upon hourly rate and, for work
performed in excess of forty hours in a workweek, at a rate not less than one and
one-half times the regular rate of pay, Alorica has breached – and continues to
breach – its contracts with the Georgia Class Representative and the Georgia Class
members.

204.     The Georgia Class Representative, on behalf of himself and the
Georgia Class members, seeks damages in the amount of the respective unpaid
wages earned and due at a rate of their agreed-upon hourly rate for non-overtime
hours and at a rate of one and one-half times the regular rate of pay for work
performed in excess of forty hours in a workweek, interest, attorneys' fees and
costs, and such other legal and equitable relief as the Court deems just and proper.

## TENTH CLAIM FOR RELIEF
### (Oklahoma Breach of Contract,
### Brought by the Oklahoma Class Representative,
### on Behalf of Herself and the Oklahoma Class)

205.     The Oklahoma Class Representative, on behalf of herself and all
members of the Oklahoma Class, realleges and incorporates by reference the
preceding paragraphs as if they were set forth again herein.

206.     The foregoing conduct, as alleged, constitutes breach of contract
under Oklahoma law.

207.     The Oklahoma Class Representative and Alorica entered into a
contract for the former to provide services to the latter at an agreed-upon wage.
Alorica offered employment to the Oklahoma Class Representative, and latter
accepted.  Both parties received consideration:  the Oklahoma Class Representative
received money, and Alorica received the value of the Oklahoma Class
Representative's time.  Alorica specified the exact hourly rates that it agreed to pay

1   the Oklahoma Class Representative for her time.  The Oklahoma Class members

2   likewise entered into contracts with Alorica in this manner.

3       208.   Alorica breached that contract by failing to pay the Oklahoma

4   Class Representative and the Oklahoma Class members for all hours they worked

5   for Alorica.

6       209.   The Oklahoma Class Representative and the Oklahoma Class

7   members suffered damages resulting from Alorica's breach of contract.  Such

8   damages include lost wages, interest, and such relief as the Court deems just and

9   proper.

10      210.   At all relevant times, Alorica had a policy and practice of failing

11   and refusing to pay the Oklahoma Class Representative and the Oklahoma Class

12   members for all hours worked, by requiring, suffering, or permitting them to work

13   off the clock.

14      211.   As a result of Alorica's failure to pay wages earned and due, and

15   its decision to withhold wages earned and due, to the Oklahoma Class

16   Representative and the Oklahoma Class members at their agreed-upon hourly rate

17   and, for work performed in excess of forty hours in a workweek, at a rate not less

18   than one and one-half times the regular rate of pay, Alorica has breached – and

19   continues to breach – its contracts with the Oklahoma Class Representative and the

20   Oklahoma Class members.

21      212.   The Oklahoma Class Representative, on behalf of herself and

22   the Oklahoma Class members, seeks damages in the amount of the respective

23   unpaid wages earned and due at a rate of their agreed-upon hourly rate for non-

24   overtime hours and at a rate of one and one-half times the regular rate of pay for

25   work performed in excess of forty hours in a workweek, interest, attorneys' fees

26   and costs, and such other legal and equitable relief as the Court deems just and

27   proper.

28

## ELEVENTH CLAIM FOR RELIEF
### (Pennsylvania Minimum Wage Act, 34 Pa. Code § 231,
### Brought by the Pennsylvania Class Representative,
### on Behalf of Herself and the Pennsylvania Class)

213.    The Pennsylvania Class Representative, on behalf of herself and all members of the Pennsylvania Class, realleges and incorporates by reference the preceding paragraphs as if they were set forth again herein.

214.    The foregoing conduct, as alleged, violates the Pennsylvania Minimum Wage Act, 34 Pa. Code § 231, 43 P.S. § 333 et seq. ("PMWA") and the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260 et seq. ("WPCL") (collectively, the "Pennsylvania Wage Laws").

215.    At all relevant times, Alorica has been, and continues to be, an "employer" within the meaning of the Pennsylvania Wage Laws.  At all relevant times, Alorica has employed, and/or continues to employ, "employees," including the Pennsylvania Class Representative, and each of the Pennsylvania Class members, as that term is defined and interpreted pursuant to the Pennsylvania Wage Laws.

216.    The Pennsylvania Wage Laws require that an employer, such as Alorica, pay compensation for all hours worked to all nonexempt employees, such as the Pennsylvania Class Representative and the Pennsylvania Class members. Hours worked "includes time during which an employee is required by the employer to be on the premises of the employer, to be on duty or to be at the prescribed work place, time spent in traveling as part of the duties of the employee during normal working hours and time during which an employee is employed or permitted to work."  34 Pa. Code § 231.1(b).

217.    At all relevant times, Alorica had a policy and practice of failing and refusing to pay the Pennsylvania Class Representative and the Pennsylvania

Class members for all hours worked, by requiring, suffering, or permitting them to work off the clock.

218.   The Pennsylvania Class Representative and the Pennsylvania Class members entered into contracts with Alorica to perform work for Alorica at agreed-upon hourly rates.  These agreements constituted enforceable employment contracts under Pennsylvania law.  43 P.S. § 260.2a.  Some of the wages due to the Pennsylvania Class Representative and the Pennsylvania Class members remains unpaid, entitling them to payment of such wages as well as liquidated damages.  43 P.S. § 260.10.

219.   As a result of Alorica's failure to pay wages earned and due, and its decision to withhold wages earned and due, to the Pennsylvania Class Representative and the Pennsylvania Class members at their agreed-upon hourly rate and, for work performed in excess of forty hours in a workweek, at a rate not less than one and one-half times the regular rate of pay, Alorica has violated, and continues to willfully violate the Pennsylvania Wage Laws.

220.   The Pennsylvania Class Representative, on behalf of herself and the Pennsylvania Class members, seeks damages in the amount of the respective unpaid wages earned and due at a rate of their agreed-upon hourly rate for non-overtime hours and at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, as provided by the Pennsylvania Wage Laws; liquidated damages; and such other legal and equitable relief as the Court deems just and proper.

221.   As a result of Alorica's failure to record, report, credit, and furnish to the Pennsylvania Class Representative and Pennsylvania Class members their respective wage and hour records showing all wages earned and due for all work performed, Alorica has failed to make, keep, preserve, and furnish such records in violation of the Pennsylvania Wage Laws.

222.    The Pennsylvania Class Representative, on behalf of herself and the Pennsylvania Class members, seeks recovery of attorneys' fees, costs, and expenses of this action to be paid by Alorica, as provided by Pennsylvania Wage Laws, including 43 P.S. § 260.9a(g).

**TWELFTH CLAIM FOR RELIEF**

**(South Carolina Payment of Wages Law, S.C. Code of Laws §41-10-10 *et seq.*,**
**Brought by the South Carolina Class Representative,**
**on Behalf of Herself and the South Carolina Class)**

223.    The South Carolina Class Representative, on behalf of herself and all members of the South Carolina Class, realleges and incorporates by reference the preceding paragraphs as if they were set forth again herein.

224.    The foregoing conduct, as alleged, violates the South Carolina Payment of Wages Law, S.C. Code of Laws §41-10-10 *et seq.* (the "South Carolina Wage Laws").

225.    At all relevant times, Alorica has been, and continues to be, an "employer" within the meaning of the South Carolina Wage Laws.

226.    The South Carolina Wage Laws require that an employer, such as Alorica, pay compensation for all hours worked to all nonexempt employees, such as the South Carolina Class Representative and the South Carolina Class members.  S.C. Code of Laws §41-10-40(A).

227.    At all relevant times, Alorica had a policy and practice of failing and refusing to pay the South Carolina Class Representative and the South Carolina Class members for all hours worked, by requiring, suffering, or permitting them to work off the clock.

228.    As a result of Alorica's failure to pay wages earned and due, and its decision to withhold wages earned and due, to the South Carolina Class Representative and the South Carolina Class members at their agreed-upon hourly

1    rate and, for work performed in excess of forty hours in a workweek, at a rate not

2    less than one and one-half times the regular rate of pay, Alorica has violated, and

3    continues to willfully violate the South Carolina Wage Laws.

4        229.    The South Carolina Class Representative, on behalf of herself

5    and the South Carolina Class members, seeks damages in the amount of the

6    respective unpaid wages earned and due at a rate of their agreed-upon hourly rate

7    for non-overtime hours and at a rate of one and one-half times the regular rate of

8    pay for work performed in excess of forty hours in a workweek, as provided by the

9    South Carolina Wage Laws; liquidated damages; and such other legal and equitable

10   relief as the Court deems just and proper.  S.C. Code of Laws §41-10-80(C).

11       230.    As a result of Alorica's failure to record, report, credit, and

12   furnish to the South Carolina Class Representative and South Carolina Class

13   members their respective wage and hour records showing all wages earned and due

14   for all work performed, Alorica has failed to make, keep, preserve, and furnish such

15   records in violation of the South Carolina Wage Laws.

16       231.    The South Carolina Class Representative, on behalf of herself

17   and the South Carolina Class members, seeks recovery of attorneys' fees, costs, and

18   expenses of this action to be paid by Alorica, as provided by South Carolina Wage

19   Laws, including S.C. Code of Laws §41-10-80(C).

20                          **THIRTEENTH CLAIM FOR RELIEF**
21                          <u>**(South Carolina Breach of Contract,**</u>
22          <u>**Brought by the South Carolina Class Representative,**</u>
             <u>**on Behalf of Herself and the South Carolina Class)**</u>

23       232.    The South Carolina Class Representative, on behalf of herself

24   and all members of the South Carolina Class, realleges and incorporates by

25   reference the preceding paragraphs as if they were set forth again herein.

26       233.    The foregoing conduct, as alleged, constitutes breach of contract

27   under South Carolina law.

28

234.   The South Carolina Class Representative and Alorica entered into a contract for the former to provide services to the latter at an agreed-upon wage.  Alorica offered employment to the South Carolina Class Representative, and latter accepted.  Both parties received consideration:  the South Carolina Class Representative received money, and Alorica received the value of the South Carolina Class Representative's time.  Alorica specified the exact hourly rates that it agreed to pay the South Carolina Class Representative for her time.  The South Carolina Class members likewise entered into contracts with Alorica in this manner.

235.   Alorica breached that contract by failing to pay the South Carolina Class Representative and the South Carolina Class members for all hours they worked for Alorica.

236.   The South Carolina Class Representative and the South Carolina Class members suffered damages resulting from Alorica's breach of contract.  Such damages include lost wages, interest, and such relief as the Court deems just and proper.

237.   At all relevant times, Alorica had a policy and practice of failing and refusing to pay the South Carolina Class Representative and the South Carolina Class members for all hours worked, by requiring, suffering, or permitting them to work off the clock.

238.   As a result of Alorica's failure to pay wages earned and due, and its decision to withhold wages earned and due, to the South Carolina Class Representative and the South Carolina Class members at their agreed-upon hourly rate and, for work performed in excess of forty hours in a workweek, at a rate not less than one and one-half times the regular rate of pay, Alorica has breached – and continues to breach – its contracts with the South Carolina Class Representative and the South Carolina Class members.

239.    The South Carolina Class Representative, on behalf of herself and the South Carolina Class members, seeks damages in the amount of the respective unpaid wages earned and due at a rate of their agreed-upon hourly rate for non-overtime hours and at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

**FOURTEENTH CLAIM FOR RELIEF**
**(Texas Breach of Contract,**
**Brought by the Texas Class Representative,**
**on Behalf of Herself and the Texas Class)**

240.    The Texas Class Representative, on behalf of herself and all members of the Texas Class, realleges and incorporates by reference the preceding paragraphs as if they were set forth again herein.

241.    The foregoing conduct, as alleged, constitutes breach of contract under Texas law.

242.    The Texas Class Representative and Alorica entered into a contract for the former to provide services to the latter at an agreed-upon wage. Alorica offered employment to the Texas Class Representative, and latter accepted. Both parties received consideration:  the Texas Class Representative received money, and Alorica received the value of the Texas Class Representative's time. Alorica specified the exact hourly rates that it agreed to pay the Texas Class Representative for her time.  The Texas Class members likewise entered into contracts with Alorica in this manner.

243.    Alorica breached that contract by failing to pay the Texas Class Representative and the Texas Class members for all hours they worked for Alorica.

244.    The Texas Class Representative and the Texas Class members suffered damages resulting from Alorica's breach of contract.  Such damages include lost wages, interest, and such relief as the Court deems just and proper.

245.    At all relevant times, Alorica had a policy and practice of failing and refusing to pay the Texas Class Representative and the Texas Class members for all hours worked, by requiring, suffering, or permitting them to work off the clock.

246.    As a result of Alorica's failure to pay wages earned and due, and its decision to withhold wages earned and due, to the Texas Class Representative and the Texas Class members at their agreed-upon hourly rate and, for work performed in excess of forty hours in a workweek, at a rate not less than one and one-half times the regular rate of pay, Alorica has breached – and continues to breach – its contracts with the Texas Class Representative and the Texas Class members.

247.    The Texas Class Representative, on behalf of herself and the Texas Class members, seeks damages in the amount of the respective unpaid wages earned and due at a rate of their agreed-upon hourly rate for non-overtime hours and at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

### FIFTEENTH CLAIM FOR RELIEF
#### (Virginia Breach of Contract,
#### Brought by the Virginia Class Representative,
#### on Behalf of Herself and the Virginia Class)

248.    The Virginia Class Representative, on behalf of herself and all members of the Virginia Class, realleges and incorporates by reference the preceding paragraphs as if they were set forth again herein.

249.    The foregoing conduct, as alleged, constitutes breach of contract under Virginia law.

250.    The Virginia Class Representative and Alorica entered into a contract for the former to provide services to the latter at an agreed-upon wage. Alorica offered employment to the Virginia Class Representative, and latter accepted.  Both parties received consideration:  the Virginia Class Representative received money, and Alorica received the value of the Virginia Class Representative's time.  Alorica specified the exact hourly rates that it agreed to pay the Virginia Class Representative for her time.  The Virginia Class members likewise entered into contracts with Alorica in this manner.

251.    Alorica breached that contract by failing to pay the Virginia Class Representative and the Virginia Class members for all hours they worked for Alorica.

252.    The Virginia Class Representative and the Virginia Class members suffered damages resulting from Alorica's breach of contract.  Such damages include lost wages, interest, and such relief as the Court deems just and proper.

253.    At all relevant times, Alorica had a policy and practice of failing and refusing to pay the Virginia Class Representative and the Virginia Class members for all hours worked, by requiring, suffering, or permitting them to work off the clock.

254.    As a result of Alorica's failure to pay wages earned and due, and its decision to withhold wages earned and due, to the Virginia Class Representative and the Virginia Class members at their agreed-upon hourly rate and, for work performed in excess of forty hours in a workweek, at a rate not less than one and one-half times the regular rate of pay, Alorica has breached – and continues to breach – its contracts with the Virginia Class Representative and the Virginia Class members.

255.    The Virginia Class Representative, on behalf of herself and the Virginia Class members, seeks damages in the amount of the respective unpaid wages earned and due at a rate of their agreed-upon hourly rate for non-overtime hours and at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, the FLSA Collective Representatives, on behalf of themselves and all members of the Nationwide FLSA Plaintiffs, pray for relief as follows:

A.    Designation of this action as a collective action on behalf of the Nationwide FLSA Plaintiffs (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Opt-In Class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b);

B.    Designation of Plaintiffs as Representatives of the Nationwide FLSA Plaintiffs;

C.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

D.    An injunction against Alorica and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

E.    An award of damages, according to proof, including liquidated damages, to be paid by Alorica;

F.    Costs of action incurred herein, including expert fees;

G.  Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

H.  Post-judgment interest, as provided by law; and

I.  Such other legal equitable relief as this Court deems necessary, just, and proper.

WHEREFORE, the each of the State Law Class Representatives, on behalf of him- or herself and all State Law Class members, prays for relief as follows:

J.  Certification of this action as a class action on behalf of his or her respective State Law Class;

K.  Designation of him- or herself as Representative of his or her respective State Law Class ;

L.  Designation of Plaintiffs' counsel of record as Class Counsel for his or her respective State Law Class;

M.  A declaratory judgment that the practices complained of herein are unlawful under his or her respective State law;

N.  An injunction against Alorica and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

O.  Appropriate statutory penalties;

P.  An award of damages, liquidated damages, and restitution to be paid by Alorica according to proof;

Q.  Pre-judgment and post-judgment interest, as provided by law;

R.  Such other injunctive and equitable relief as the Court may deem just and proper;

S.  Attorneys' fees and costs of suit, including expert fees and costs; and

T.    An appropriate service payment based on his or her service to his or her respective State Class.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

Dated:  May 30, 2014                      Respectfully submitted,

                                          By: */s/ Jahan C. Sagafi*
                                               Jahan C. Sagafi

                                          Jahan C. Sagafi (Cal. Bar No. 224887)
                                          OUTTEN & GOLDEN LLP
                                          One Embarcadero Center, 38th Floor
                                          San Francisco, CA 94111
                                          Telephone:  (415) 638-8800
                                          Facsimile:  (415) 638-8810
                                          jsagafi@outtengolden.com

                                          Allen R. Vaught (*pro hac vice* application to be submitted)
                                          Baron & Budd, P.C.
                                          3102 Oak Lawn Ave, Suite 1100
                                          Dallas, TX 75219
                                          Telephone: (214) 521-3605
                                          Facsimile: (214) 520-1181
                                          avaught@baronbudd.com

                                          *Attorneys for Plaintiffs and Proposed Class members*